**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division**

| | |
|---|---|
| JAMES WOODS, individually and as representatives of the class, | Case No: _____ |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| UBER TECHNOLOGIES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff James Woods ("plaintiff" or "Woods"), individually and on behalf of the class set forth below, brings the following class action complaint against defendant Uber Technologies, Inc. ("Uber"):

## <u>PRELIMINARY STATEMENT</u>

1.      This case is about one of the largest data security breaches in United States history, affecting millions of consumers who use Uber's ridesharing service.

2.      As a result of this breach, plaintiff Woods and the class members whose personal information was not safeguarded now face substantial risk of further injury from identity theft, credit and reputational injury, false tax claims, or even extortion.

3.     On or about November 21, 2017, Uber publicly acknowledged that it paid hackers at least $100,000 to conceal the existence of the data security breach, which occurred over a year earlier, in October, 2016.

4.     The data security breach disclosed the personal information of approximately 57 million Uber customers.

5.     The data security breach was caused by Uber's knowing violation of its obligation to secure consumer information.

6.     Uber failed to comply with security standards and allowed its drivers' and customers' private information to be compromised.

7.     Plaintiff Woods seeks redress individually, and on behalf of those similarly-situated, for the injuries that he and class members sustained as a result of Uber's negligent and intentional violations of law.

8.     Plaintiff Woods asserts these claims on behalf of a nationwide class of Uber users for monetary relief, injunctive relief, corresponding declaratory relief, and other appropriate relief for Uber's unlawful conduct, as described herein.

**PARTIES**

9.     Plaintiff James Woods is Georgia citizen residing in DeKalb County, Georgia.  He has used the Uber ridesharing application to hail rides throughout the greater Atlanta metro area.

2

10.    Defendant Uber is a global transportation technology company incorporated in Delaware, with its principal place of business in San Francisco, California.   Uber may be served with process upon its registered agent CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

11.    Upon information and belief, Uber's wrongful acts and omissions leading to this data security breach occurred nationwide and in this district.

## JURISDICTION & VENUE

12.    This court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).   The amount in controversy exceeds $5 million exclusive of interest and costs.   Plaintiff Woods, the class members, and Uber are citizens of different states.   There are more than 100 putative class members.

13.    This court has personal jurisdiction over Uber because plaintiff Woods' claims arise out of Uber's contacts with Georgia.

14.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), (c), and (d).  Uber registered to do business, transacted business, were found, and had agents in this district; a substantial part of the events giving rise to the plaintiffs' claims arose in this district, and a substantial portion of the affected interstate commerce described below has been carried out in this district.

## FACTS

15.   On November 21, 2017, Uber disclosed that a data security breach occurred in October 2016, during which hackers pilfered Uber customer data stored on a third-party cloud based service.

16.   Uber revealed that the breach exposed the information of approximately 60,000 Uber drivers, including driver's license information, and names, email addresses, and private cellular telephone numbers of 57 million Uber customers.

17.   Rather than comply with its lawful obligation to disclose the breach to regulators and the public, Uber paid the hackers behind the breach $100,000 in exchange for the criminals' silence and assurance that they would delete the data.

18.   Uber covered up the payment by calling it a "bug bounty," a legitimate payment to third parties to stress test the security of their systems.

19.   Uber continued to fail to inform affected customers for more than one year.

20.   This data security breach was not the first instance of Uber's disregard for customer privacy.

21.   On November 19, 2014, Uber founder Travis Kalanick received a letter from then Senator Al Franken stating that Uber had a "troubling disregard for

4

customer privacy" and that "it appears that on prior occasions [Uber] has condoned use of customers' data for questionable purposes."

22.    On February 27, 2015, Uber belatedly disclosed that nine months earlier it suffered a data security breach that compromised the names and license plate numbers for approximately 50,000 of its drivers.

23.    In August 2017, Uber inked a settlement with the Federal Trade Commission admitting to making false claims about the privacy of consumer data, and to maintaining inadequate safeguards to protect consumer data.

24.    Uber's conduct demonstrates a willful and conscious disregard for consumer privacy.

25.    As a result of Uber's conduct, plaintiff Woods and the class members had their personal information exposed to sophisticated cyber-criminals who trade such information on an international black market.

26.    Plaintiff Woods brings this action on his own behalf as well as on behalf of all Uber customers.

27.    Plaintiffs Woods seeks declaratory and injunctive relief to prevent Uber from continuing its unlawful conduct, and to recover damages and costs, including reasonable attorneys' fees, for the injuries that he and class members have sustained.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff Woods and the class members, as defined below, have been damaged by Uber's negligent or reckless disregard for their personal information, as well as Uber's intentional silence regarding the existence and nature of the data security breach.

29.     Plaintiff Woods brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.     Plaintiff Woods asserts the claims herein on behalf of a proposed Nationwide Class ("the class") defined as follows:

> All United States residents whose information was made accessible in the data security breach announced by Uber on November 21, 2017.[1]

31.     Numerosity:  The members of the class are so numerous that joinder of all class members is impracticable.  More than 57 million Uber users are affected by the data security breach.

---

[1] The following are excluded from the Nationwide Class: (1) the defendants, their parent companies, subsidiaries and affiliates, and any co-conspirators; and (2) any judge or magistrate presiding over this action, and members of their families. The plaintiffs reserve the right to amend the class period and/or class definition if discovery and further investigation reveal that the class should be expanded, divided into additional subclasses, or modified in any way.

32.  <u>Typicality</u>:   Plaintiff Woods' claim is typical of other class members because, among other things, all class members were comparably injured by Uber's negligent, reckless, and intentional conduct, as described above, which caused the data security breach.

33.  <u>Adequacy</u>:   Plaintiff Woods will fairly and adequately protect the interests of the class.  Furthermore, he has retained counsel experienced in class actions and complex litigation.

34.  <u>Commonality and Predominance</u>: Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual members of the class, including but not limited to:

  a)  whether Uber owed duties under federal or state law to class members to protect their personal information, provide timely notice of unauthorized access to this information, and provide meaningful and fair redress;

  b)  whether Uber breached said duties;

  c)  whether Uber acted wrongfully by improperly monitoring, storing, and/or failing to properly safeguard the class members' personal information;

7

d)  whether Uber knew, or reasonably should have known, about the deficiencies in its data storage systems;

e)  whether Uber willfully failed to design, employ, and maintain a system adequate to protect consumers' personal information;

f)  whether Uber's representations regarding the security of its systems were false and misleading;

g)  whether Uber's acts and omissions violated applicable state consumer protection law;

h)  whether Uber's failures resulted in the data security breach at issue;

i)  whether Uber failed to properly and timely notify plaintiff Woods and class members of the breach as soon as  practicable after it was discovered;

j)  whether Uber's acts of concealment violated applicable state consumer protection laws; and

k)  whether class members have been damaged and, if so, the appropriate relief.

35.  This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because the defendants have acted or refused to act on grounds that apply generally

to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

36.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37.    Uber's conduct as described in this complaint stems from common and uniform policies and practices, resulting in a colossal data security breach as well as a deliberate and systematic cover-up scheme to hide the extent and nature of the breach from regulators as well as those affected by the breach.

38.    The class members do not have an interest in pursuing separate individual actions against Uber, as the amount of each class member's individual claims are small compared to the expense and burden of individual prosecution.

39.    Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Uber's practices. Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

40.     Plaintiff Woods intends to send notice to all class members to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 – UNLAWFUL, UNFAIR OR FRAUDULENT BUSINESS PRACTICES
### (On behalf of the Nationwide Class)

41.     Plaintiff Woods, on behalf of the Nationwide Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

42.     Uber, as a California based entity, is subject to the laws and regulations of the State of California, including but not limited to the California Business and Professions Code.

43.     Uber violated Cal. Bus. Prof. Code § 17200 *et seq.* by engaging in unlawful, unfair, or fraudulent business acts and practices, as well as unfair, deceptive, untrue, or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code § 17200.

44.     Uber engaged in unlawful acts and practices with respect to their services by establishing inadequate security practices and procedures described herein; by soliciting and collecting plaintiff Woods' and class members' personal information with knowledge that such information would not be adequately

protected; and by gathering plaintiff Wodds' and class members' personal information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Uber to undertake reasonable methods of safeguarding the personal information of plaintiff Woods and the class members.

45.     In addition, Uber engaged in unlawful acts and practices when it failed to discover and then disclose the data security breach to plaintiff Woods and the class members in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code. § 1798.82.

46.     To date, Uber still has not provided sufficient information regarding the data security breach to plaintiff Woods and the class members.

47.     As a direct and proximate result of Uber's unlawful acts and practices, plaintiff Woods and the class members were injured and lost money or property, including but not limited to the loss of their legally protected interests in the confidentiality and privacy of their personal information.

48.     Uber knew or should have known that their data security practices were inadequate to safeguard plaintiff Woods' and the class members personal information, that the risk of a data security breach was significant, and that their system was, in fact, breached.

11

49.     Uber's actions in engaging in the above-named unlawful practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of plaintiff Woods and the class members.

50.     Plaintiff Woods and the class members seek relief under Cal. Bus. Prof. Code § 17200, *et seq.*, including, but not limited to:  restitution to plaintiff Woods and class members of money and property that Uber has acquired by means of unlawful and unfair business practices; disgorgement of all profits accruing to Uber because of its unlawful and unfair business practices; declaratory relief; attorneys' fees and costs (pursuant to Cal. Code. Civ. Proc. § 1021.5); and injunctive or other equitable relief.

## COUNT II – BREACH OF FIDUCIARY DUTIES
### (On behalf of the Nationwide Class)

51.     Plaintiff Woods, on behalf of the nationwide class, alleges and incorporates by reference the allegations in the preceding paragraphs.

52.     Uber, by virtue of its possession, custody, and/or control of plaintiff Woods' and the class members' personal information, and Uber's duty to properly monitor and safeguard said information, was, and continues to be, in a confidential, special, and/or fiduciary relationship with plaintiff Woods and the class members.

53.     As a fiduciary, Uber owed, and continues to owe, plaintiff Woods and the class members:

        (a) the commitment to deal fairly and honestly;

        (b) the duties of good faith and undivided loyalty; and

        (c) integrity of the strictest kind.

54.     Uber was, and continues to be, obligated to exercise the highest degree of care in carrying out the responsibilities to plaintiff Woods and class members under such confidential, special, and/or fiduciary relationships.

55.     Uber breached its fiduciary duties to plaintiff Woods and the class members when it failed to adequately store, monitor, and protect plaintiff Woods' and class members' personal information.

56.     Uber willfully and wantonly breached its fiduciary duties to plaintiff Woods and the class members or, at the very least, committed these breaches with conscious indifference and reckless disregard of plaintiff Woods' and the class members' rights and interests.

## COUNT III – NEGLIGENCE
### (On behalf of the Nationwide Class)

57.     Plaintiff Woods, on behalf of the Nationwide Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

13

58.     Uber was, and continues to be, in a confidential, special, and/or fiduciary relationship with plaintiff Woods and the class members by virtue of being trusted with their personal information.

59.     At the very least, Uber assumed a duty, and had duties imposed upon it by regulations, to comply with applicable security standards, regulations, and statutes, and to otherwise use reasonable care to safeguard plaintiff Woods' and the class members' personal information.

60.     Uber also had a duty to timely inform plaintiff Woods and the class members of the data security breach, and of the fact that their personal information had been compromised and/or stolen; furthermore, upon learning of the breach, Uber had a duty to take immediate action to protect plaintiff Woods and the class members from the foreseeable consequences of the breach.

61.     By its acts and omissions as described herein, Uber unlawfully breached its duty and plaintiff Woods and the class members were harmed as a direct result.

62.     Uber knew, or should have known, that its system for processing and storing class members' personal information was replete with security vulnerabilities.

63.     Uber was negligent by continuing to accept, process, and store such information in light of its computer system vulnerabilities and the sensitivity of the personal information stored therein.

64.     The data security breach, and resulting damages suffered by plaintiff Woods and the class members, were the direct and proximate result of a number of actions and omissions, including but not limited to:

(a) Uber's improper retention and storage of plaintiff Woods' and class members' personal information;

(b) Uber's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect such information;

(c) Uber's delay of over a year before notifying plaintiff Woods and class members about the breach;

(d) Uber's failure to take immediate and effective action to protect plaintiff Woods and class members from potential and foreseeable damage.

65.     Uber's wrongful actions, as described above, reflect a breach of the duty of reasonable care and, therefore, constitute negligence.

66.     Plaintiff Woods and the class members have not in any way contributed to the data security breach or theft of their personal information.

### COUNT IV – NEGLIGENCE PER SE
### (On behalf of the Nationwide Class)

67.     Plaintiff Woods, on behalf of the Nationwide Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

68.     Pursuant to the Graham-Leach-Bliley Act, 15 U.S.C. § 6801, and related state consumer data protection statutes, Uber had a duty to protect and keep consumers' personal information secure, private, and confidential.

69.     Uber violated these laws by not adequately safeguarding plaintiff Woods' and class members' personal information, as well as by not ensuring that Uber itself complied with applicable data security standards, card association standards, regulations and/or statutes designed to protect such information.

70.     Uber's failure to comply with the Graham-Leach-Bliley Act, industry standards, and state laws and regulations constitutes negligence *per se*.

### COUNT V – BREACH OF CONTRACT
### (On behalf of the Nationwide Class)

71.     Plaintiff Woods, on behalf of the Nationwide Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

72.     Plaintiff Woods and the class members were parties to actual or implied contracts with Uber that required Uber to properly safeguard their personal information from theft, compromise, and/or unauthorized disclosure.

73.     Additionally, plaintiff  Woods and the class members were third-party beneficiaries to contracts between Uber and other entities under which Uber is required to safeguard its customers' personal information from theft, compromise, and/or unauthorized disclosure.

74.     Uber's wrongful acts as described herein constitute breaches of these contracts.

## COUNT VI – BAILMENT
### (On behalf of the Nationwide Class)

75.     Plaintiff Woods, on behalf of the Nationwide Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

76.     Plaintiff Woods' and the class members' personal information is their property, which they delivered to Uber for the sole and specifying purpose of completing one or more commercial transactions.

77.     Uber accepted plaintiff Woods' and class members' personal information and, thus, served as a bailee with respect to the above-referenced transaction(s).

78.     Uber, as a bailee, owed a duty to plaintiff Woods and class members and, in fact, had an express and/or implied contract with them to protect their personal information from theft, compromise, or unauthorized disclosure.

79.     Uber breached its duty and/or express and implied contracts with plaintiff Woods and class members by improperly storing and inadequately protecting their personal information from theft, compromise, and/or unauthorized disclosure, which directly and proximately caused plaintiff Woods and class members to suffer damages.

80.     Uber's wrongful actions constitute breaches of their duty (and/or express and/or implied contracts) with plaintiff Woods and the class members arising from the bailment.

## PRAYER FOR RELIEF

81.     As a direct and proximate cause of Uber's wrongful conduct, plaintiff Woods and the class members sustained, and will continue to incur, damages in the form of:

a)  the unauthorized disclosure and/or compromise of their personal information;

b)  monetary losses and damage to credit from fraudulent charges made upon their accounts; and

18

c)  the burden and expense of credit monitoring.

82.    Accordingly, plaintiff Woods, individually and on behalf of the classes, requests relief as follows:

a)  certification of the Nationwide Class pursuant to Fed. R. Civ. P. 23, as requested herein;

b)  appointment of plaintiff Woods as class representative, and the undersigned counsel as class counsel;

c)  an order directing that reasonable notice of this action, as provided by Fed. R. Civ. P. 23(c)(2), be given to each and every class member;

d)  equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by a trier of fact;

e)  an injunction permanently enjoining Uber, as well as its subsidiaries and affiliates from further engaging in the same acts or omissions that led to the data security breach described above;

f)  a judgment in favor of plaintiff Woods and class members under the legal theories alleged herein;

g) an award to the plaintiffs and class members of nominal damages, compensatory damages, and/or punitive damages, to the extent allowed by law;

h) an award to the plaintiffs and class members of restitution and/or disgorgement of profits;

i) an award of pre- and post-judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this complaint;

j) an award of reasonable attorneys' fees, costs, and expenses; and

k) granting such other relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

83.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff and the class demand a trial by jury.

[signature affixed next page]

20

Respectfully submitted March 1, 2018.

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**


_____*/s/ Archie I. Grubb, II*_____
ARCHIE I. GRUBB, II
(Georgia Bar No. 314384)
218 Commerce Street
Montgomery, AL 36104
Tel: (334) 269-2343
Fax: (334) 954-7555
Archie.Grubb@BeasleyAllen.com


SERVE DEFENDANT AS FOLLOWS:

UBER TECHNOLOGIES, INC.
C/O CT CORPORATION SYSTEM
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046